No. 18,432.

W. A. EPPLER, *Appellee,* v. T. C. ROBERTS, *Appellant.*

SYLLABUS BY THE COURT.

1. SALE—*Gang Plow—Note Given—Compound Defenses—Neither Defense Proven—No Prejudicial Error in Instructions.*  In an action on a note given for the price of a gang plow the defendant not only joined but compounded defenses of false representations and breach of warranty.  In portions of the charge to the jury the court followed the language of the answer.  The defense of false representations was eliminated by the defendant's own testimony that he was not to keep the plow unless it responded to a test which he made, and the defense of breach of warranty was submitted to the jury who found specially that no warranty had been given.  *Held,* the defendant was not prejudiced.

2. SAME—*Instructions as to Warranty.*  The court instructed the jury that in order to find the plaintiff liable on a warranty they must find that he made statements amounting to a warranty, the character of which was properly indicated,

Eppler v. Roberts.

and then that they should find certain other things. *Held,* the special finding of the jury that no warranty was given rendered the latter part of the instruction harmless.

3. SAME—*Instructions Not Prejudicial.* Other instructions to the jury considered and held to be without prejudice to the defendant.

4. SAME—*Expressions of Opinion—Not Warranties.* Admitted statements made by the plaintiff. in connection with the sale of the plow considered, and held, that the jury had the right to interpret them as expressions of opinion and not as warranties.

5. SAME — *Promissory Note — In Effect a Chattel Mortgage— Foreclosure.* The plaintiff took a note for the price of the plow, containing provisions having the effect of a chattel mortgage. He assigned the note as collateral security. The assignee foreclosed the instrument and the plaintiff purchased the plow at the sale. *Held,* the burden did not rest on the plaintiff to show that the sale was lawful and fair.

Appeal from Trego district court; JACOB C. RUPPEN-THAL, judge. Opinion filed March 7, 1914. Affirmed.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellant.

*E. C. Flood,* of Ellis, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Roberts purchased of Eppler a six-disc and eight-disc engine gang plow, and gave his note in payment of the price. Before giving his note he tested the plow by plowing a twenty-acre tract for Eppler, for doing which Eppler paid him. When sued on the note Roberts claimed that the test was a preliminary one only, that false representations concerning the plow were made by way of a warranty, which was not fulfilled on further test, and consequently that no liability existed. As a matter of fact, after the defendant tested and paid for the plow he took it home, plowed one hundred ten acres more, and then sold his farm and moved away, so that he had no further use for the

plow. On a trial the jury found specially that the defendant personally examined, tried and tested the plow before he signed the note, and that the plow was not purchased under a warranty, and returned a general verdict for the plaintiff. Judgment was entered accordingly and the defendant appeals.

In pleading his defense the defendant made compound allegations that the plaintiff "represented and warranted" the plow to have certain attributes, that "said representations and warranties" were false, were known to be false by the plaintiff, were made to deceive, and were relied on by the defendant to his injury. It is now insisted that two entirely separate and distinct defenses were presented, one of false representations and the other of warranty, and that the court, following the language of the answer, did not take pains to carefully distinguish between them in stating the law to the jury. The defendant was not prejudiced by the course pursued. He testified that whether or not he should keep the plow depended on the result of a test, and now relies not on false representations but on a breach of warranty. The latter defense was submitted to the jury who found that no warranty was given.

It is argued that the instructions to the jury with reference to the subject of warranty were erroneous. In one instruction the court said that in order to find the plaintiff liable on a warranty the jury should find that he made statements amounting to a warranty, and then should find certain other things. In another instruction the jury were correctly advised as to the kind of statements which would and would not amount to a warranty. The jury found there was no warranty, and consequently the additional matters mentioned in the first instruction are not material.

It is said that certain statements which the plaintiff admitted he made in connection with the sale of the plow amounted in law to a warranty, and that he should

be liable upon them. These statements were not, however, of the kind relied on as a defense to the action, and the jury had the right to interpret them as expressions of opinion. For example, the petition alleged that the plaintiff said the plow would work perfectly in land covered by Russian thistles. The plaintiff testified as follows:

"I told him it would cover Russian thistles, but not out of reason; but he would n't acept that, nor did n't. I told him it would plow in Russian thistles, I thought, and it has, and for him and me, too."

Again, the petition alleged that the plaintiff said the plow was superior to all other plows of any other pattern or make for use in land like that in Trego county. What the plaintiff said was that he thought the Danielson disc plow was as good a disc plow as any made.

The court instructed the jury as follows:

"5. If you find and believe from the evidence in the case that the defendant inspected, tested and tried out the plows by actual use, and accepted them, before he signed the note, sued on, then your verdict should be for the plaintiff for the unpaid balance of the note, with interest to date."

The defendant says he could test and accept the plows and still take a warranty. Since, however, there was no warranty the instruction exactly fitted the facts.

In certain other instructions which are criticized the court merely followed the defendant's own requests for instructions, and if error were committed it was invited.

The plaintiff assigned the note as collateral security. The note contained provisions having the effect of a chattel mortgage. The assignee foreclosed the instrument and the plaintiff purchased the plow at the sale. The court properly charged the jury that the burden did not rest on the plaintiff to show that the sale was lawful and fair.

It is not necessary to discuss the various assignments of error further. The defendant ought to pay, and the judgment of the district court is affirmed.